# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA MELISE MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | No. 19-CV-4008-CJW-KEM<br><br>**ORDER** |

## I. INTRODUCTION

This case is before the Court on a Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 16). Judge Mahoney recommends that the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Patricia Melise Miller's ("claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434 and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 United States Code, Sections 1381–1383f. Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

3

333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

From 2006 to March 20, 2015, claimant worked as a registered nurse. (AR 801-02).[1] During this time, claimant suffered from back pain and underwent two back surgeries in November 2007 and December 2013 respectively. (AR 786-98). In March 2015, claimant exacerbated her back injury at work while lifting a patient. (AR 166, 470). Claimant was placed on short-term disability but ultimately never returned to work. In April 2016, claimant applied for DI and SSI benefits, alleging disability since her injury in March 2015. (AR 20). The Social Security Administration denied her application in July 2016 and again on reconsideration in February 2017. (AR 79-131). On August 21, 2018, an ALJ conducted a hearing at which claimant and a vocational expert ("VE") testified. (AR 49-50). On November 20, 2018, the ALJ found claimant suffered from several severe impairments such as "degenerative disc disease, depression, and anxiety." (AR 20-30). The ALJ determined that claimant could not return to work as a nurse but had the residual functional capacity ("RFC") to perform sedentary work. (AR 24-25). Claimant appealed and was denied by the Appeals Council on February 8, 2019. (AR 1-3). Claimant then filed a timely complaint in this Court. (Doc. 4).

In her brief, claimant asserts the ALJ erred in three respects. (Doc. 13). First, claimant argues that "[t]he ALJ erred in rejecting the opinions of the treating medical

---

[1] "AR" refers to the administrative record below. (Docs. 10-2–10-17).

4

providers and relying upon his own medical opinion as to [claimant]'s capacity to perform work." (*Id.*, at 4). Second, claimant asserts the ALJ improperly weighed her subjective complaints. (*Id.*, at 7). Last, claimant argues the ALJ relied on the VE's answers to improper hypothetical questions. (*Id.*, at 8).

As to the ALJ's weighing of medical opinions, Judge Mahoney interpreted claimant's argument as challenging the weight assigned to the opinions of Dr. Kunal Patra, MD, and Dr. Sunil Bansal, MD. (Doc. 16, at 4-7). Judge Mahoney found no error as to the weighing of Dr. Patra's opinion, holding that the ALJ properly considered claimant's stated mental impairments. (*Id.*, at 5). Judge Mahoney did find error, however, as to Dr. Bansal's opinion. (*Id.*, at 5-7). Dr. Bansal found that claimant should not sit, stand, or walk for more than one hour at a time. (AR 804). Although the ALJ acknowledged this limitation, it was not included in the hypothetical to the VE and the ALJ's RFC determination ultimately found that claimant could sit for a total of six hours out of an eight-hour workday. (AR 25, 28). Judge Mahoney held that "the ability to sit for only one hour at a time is an additional limitation that is not encompassed by limiting a claimant to sedentary work." (Doc. 16, at 6) (citing *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005); *Mackinaw v. Bowen*, 866 F.2d 1023, 1024 (8th Cir. 1989); Social Security Ruling (SSR) 96-9p, 61 Fed. Reg. 34478, 34482 (July 2, 1996). Thus, Judge Mahoney found the ALJ erred because he "appeared to agree with Dr. Bansal's assessment" but failed to include it in the VE's hypothetical or claimant's RFC. (Doc. 16, at 6). Therefore, Judge Mahoney recommended "that this case be remanded to the Social Security Administration for additional testimony from the VE on the issue whether jobs exist that [claimant] could perform when the ability to sit for only one hour at a time is included in [claimant]'s RFC." (*Id.*, at 6-7).

As to claimant's subjective complaints, Judge Mahoney found no error. (Doc. 16, at 7-9). Although skeptical of the ALJ's conclusions, Judge Mahoney held that the ALJ

5

was warranted in rejecting claimant's statements "concerning the intensity, persistence, and limiting effects" of her symptoms because they were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*, at 8) (quoting AR 26). Because substantial evidence in the record indicated claimant's limitations were not as severe as she described, Judge Mahoney concluded that the ALJ did not err in weighing and ultimately discounting her subjective complaints. (*Id.*, at 9).

As to the hypothetical questions posed to the VE, Judge Mahoney also found no error. (Doc. 16, at 9-10). Specifically, Judge Mahoney found that the ALJ was not required to include limitations requiring off-task time at work, frequent rest breaks, and missing work at least twice a month. Because the ALJ properly discounted claimant's subjective complaints, Judge Mahoney found that such limitations were not required in the VE's hypothetical and inconsistent with claimant's RFC.

## IV. DISCUSSION

Because the parties did not object to the R&R, the Court reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in assessing claimant's objections. Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Mahoney's factual or legal findings. As such, the Court **adopts** the R&R in its entirety.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 16) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation:

    a. The Commissioner's determination is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.

b. Judgment shall enter in favor of claimant and against the Commissioner.

c. If claimant wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED** this 28th day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa